IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                                          CRIMINAL NO. 1:08cr15WJG-JMR-1

JOSE DE LA LUZ MEDRANO-LOZANO

O R D E R

THIS CAUSE comes before the Court on the motion [15] of Defendant Jose De La Luz Medrano-Lozano for a transcript of his sentencing proceedings held in this Court produced at the expense of the United States of America [United States]. Medrano-Lozano also indicates that he seeks to proceed in this matter *in forma pauperis* [IFP]. (Ct. R., Doc. 15.) After due consideration of the record in this cause, this Court finds as follows:

Under 28 U.S.C. § 753(f), Medrano-Lozano may be eligible for a free transcript, provided certain provisions are met. Section 753(f) reads as follows:

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal *in forma pauperis*, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge or circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. 28 U.S.C. § 753(f).

An indigent defendant is not entitled to a free copy of the transcript of criminal proceedings against him without a showing of factual allegations sufficient for the Court to determine that the transcript is needed to pursue an appeal or for another particularized need for

the transcript such as a collateral attack on the proceeding. *United States v. Shaid*, 916 F.2d 984, 988-89 (5th Cir. 1990). In this case, Medrano-Lozano only mentions that he is requesting a copy of his sentencing documents because he is, "preparing a legal defense pursuant to 28 U.S.C. § 2255; and I need said documents, which are essential for this type of legal defense." (Ct. R., Doc. 15.) The Court is unable to certify from this information that the request is not frivolous, and, therefore, concludes that Medrano-Lozano is not entitled to a free copy of the transcript of the certain court proceedings. The Court further concludes that the motion for free transcript under 28 U.S.C. § 753(f) should be denied. *See Norton v. Kimazana*, 122 F.3d 286, 293 (5th Cir. 1997). Medrano-Lozano may contact the Clerk of the Court, United States District Court Southern District of Mississippi for information regarding the fee for transcription of these proceedings, should he still desire copies of these proceedings.

Medrano-Lozano is also seeking permission to proceed IFP. (Ct. R., Doc. 15.) Because there is no motion before the Court other than the motion for transcript, the Court finds that the motion to proceed IFP should be denied at this time. Medrano-Lorazo may renew the motion for IFP should he file a petition under 28 U.S.C. § 2255. It is, therefore,

ORDERED that Medrano-Lozano's motion for a transcript [15] be, and is hereby, denied. It is further,

ORDERED that Medrano-Lozano's motion to proceed IFP on appeal [15] be, and is hereby, denied.

SO ORDERED this the 12th day of June, 2009.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE