IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL NO. 1:08cr15WJG-JMR

JOSE DE LA LUZ MEDRANO-LOZANO

O R D E R

THIS CAUSE comes before the Court on the motion [16] of Defendant Jose De La Luz Medrano-Lozano for an extension of time to file his *habeas corpus* petition brought under 28 U.S.C. § 2255, which motion includes a request for transcripts. After due consideration of the record in this cause, this Court finds as follows.

On March 27, 2009, Defendant filed his motion for a transcript of his sentencing, and for leave to proceed *in forma pauperis* [IFP]. (Ct. R., Doc. 15.)

On May 28, 2009, Medrano-Lozano filed a letter asking for a 60-day extension of time to file his habeas petition. (Ct. R., Doc. 16.) He claims that he was awaiting a copy of his sentencing transcript from the court. (*Id.*)

On June 12, 2009, the Court entered its order denying Medrano-Lozano's motion for transcript and for leave to proceed IFP for the reasons explained in the Order. (Ct. R., Doc. 17, 2009.

Medrano-Lozano then filed his motion to vacate under 28 U.S.C. § 2255 on August 6, 2009. (Ct. R., Doc. 19.)

Medrano-Lozano entered a plea of guilty on February 8, 2008, to Count One of the Indictment filed against him charging him with illegal entry into the United States after an aggravated felony in violation of 8 U.S.C. §§ 1326(a)(2) and (b)(2). (Ct. R., Doc. 11, p. 1.) He was sentenced on June 2, 2008, to 51 months confinement in the Bureau of Prisons on count one, 3 years supervised release, and a $100 special assessment. (Ct. R., Doc. 11.) Judgment was entered on June 9, 2008. (*Id*.)

The AEDPA's statute of limitations applies to all *habeas* petitions filed after the AEDPA went into effect. *United States v. Flores*, 135 F.3d 1000 (5th Cir. 1998), *cert. denied* 525 U.S. 1091 (1999), *reh'g denied* 525 U.S. 1188. Under 28 U.S.C. § 2255, the one-year statute of limitations shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final.
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[A] conviction becomes final when a defendant's options for further direct review are foreclosed, whether or not those options have been pursued." *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000). This would include time to seeking *certiorari* at the United States Supreme Court, regardless of whether such a petition is filed. *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000).

Judgment was entered in this case on June 8, 2008. (Ct. R., Doc. 25.) No appeal was filed with the Fifth Circuit Court of Appeals, nor was a petition for writ of *certiorari* filed with the United States Supreme Court, therefore, the instant petition should have been filed by no later than June 9, 2009, to be considered timely under the AEDPA. *United States v. Gamble,* 208 F.3d 536 (5th Cir. 2000).

The limitations period for filing a motion is subject to equitable tolling under certain "rare and exceptional cases." *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002), *cert. denied* 539 U.S. 952 (2003). Because Medrano-Lozano, a *pro se* Defendant, filed his motion for an extension of time to file his motion under section 2255 before the expiration of the limitations period, and as he sets forth in his motion, he was awaiting a ruling from the Court on his motion for transcripts, the Court finds that his motion for an extension of time should be granted, and further, that his motion under section 2255 filed August 6, 2009, (Ct. R., Doc. 19), should be accepted as timely filed. It is therefore,

ORDERED AND ADJUDGED that Medrano-Lozano's motion for extension of time for filing his petition [162] pursuant to 28 U.S.C. § 2255 be, and is hereby, granted. It is further,

ORDERED AND ADJUDGED that Defendant's motion to vacate under 28 U.S.C. section 2255 filed August 6, 2009, (Ct. R., Doc. 19) be, and is hereby, deemed timely filed.

SO ORDERED AND ADJUDGED this 14th day of January, 2010.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE