IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                      CRIMINAL NO. 1:08cr15WJG-JMR
                                            CIVIL ACTION NO. 1:09cv616WJG

JOSE DE LA LUZ MEDRANO-LOZANO

O R D E R

THIS CAUSE comes before the Court on the motion [19] of the Petitioner, Jose De La Luz Medrano-Lozano, to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Medrano-Lozano pleaded guilty to the single-count Information which charged him with illegal reentry after deportation following his conviction for an aggravated felony in violation of 8 U.S.C. §§ 1326(a) and (b)(2) on February 5, 2008. (Minute Entry, February 5, 2008.) He was sentenced on June 2, 2008, and the Judgment in this case was entered on June 9, 2008. (Ct. R., Doc. 11.)

Medrano-Lozano claims that his defense counsel was ineffective for several reasons, including the failure to object to the Court's alleged failure to take into account mitigating factors which established that the sentence he received was too high. (Ct. R., Doc. 20, p . 1.) Medrano-Lozano claims that his unreasonably high sentence was entered as a result of a 16-level enhancement based on a conviction which Medrano-Lozano claims was "too old." (*Id.*) He

states that his attorney was ineffective because "he[1] failed to cite proper legal authority regarding the legal arguments" in support of any objections to the sentence he received and for failing to advise him of his right to appeal his sentence because the sentence was unreasonably high. (*Id.*, emphasis added.)

Medrano-Lozano states that he was arrested in November 1992 for possession of about 28 grams of heroin. (*Id.*, p. 2.) He pleaded guilty to the charges brought against him, and was sentenced to five years imprisonment. (*Id.*) Following his release on these charges he was arrested in 2000, transferred to the custody of Immigration and Naturalization Service, and was deported to Mexico the same day. (*Id.*) On January 16, 2008, Medrano-Lozano was arrested in Hancock County, Mississippi, for having reentered the United States without obtaining the permission and consent of the Attorney General of the United States following his conviction on September 6, 1998, in El Paso, Texas. (Ct. R., Doc. 7.)

The *habeas* petition advances contentions that the Court did not adequately consider the nature of the offense and Medrano-Lozano's particular circumstances before the sentencing took place. (Ct. R., Doc. 20, p. 3.) According to Medrano-Lozano, his attorney did not advise him of the importance of explaining about his own serious medical condition and that of his son during sentencing. (*Id.*, p. 6.) Finally, Medrano-Lozano claims that his attorney failed to advise him that he could appeal his sentence as being unreasonably high and failed to advance legal authority supporting the consideration of the aforementioned characteristics which should have worked to mitigate his sentence. (*Id.*)

---

[1]Medrano-Lozano was represented throughout these proceedings by Ellen Maier Allred, a female attorney employed by the Federal Public Defenders Office in Gulfport, Mississippi.

The United States recommended that the Court sentence Medrano-Lozano within the lower half of the guideline range as outlined in the United States Sentencing Guidelines [USSG]. (Ct. R., Doc. 22, p. 5.) The maximum sentence in this case for the violation charged against Medrano-Lozano is not more than 20 years in prison; a period of not more than 3 years supervised release; and a fine of up to $250,000.00. (Ct. R., Doc. 25-2, p. 2.) In this case, Medrano-Lozano was sentenced to a period of 51 months imprisonment; a period of 3 years supervised release; a mandatory special assessment of $100; and the fine was waived in this case. (Ct. R., Doc. 22, pp. 5-7.) In addition, these special conditions were imposed: he is to provide the United States probation officer with requested financial information; and upon completion of the prison term, he is to be surrender to the custody of the Immigration and Customs Enforcement for removal proceeding consistent with the Immigration and Nationality Act. (*Id*., p. 6.)

The United States asserts that Medrano-Lozano waived his right to contest his conviction and sentencing under the terms of the plea agreement entered in this case. (Ct. R., Doc. 25, pp. 2-3.) The United States asserts that the plea was entered into voluntarily and absent any coercion. (*Id*., p. 6.) The record contains no evidence that Medrano-Lozano requested an appeal in this matter, according to the United States. (*Id*., p. 7.)

Allred, the Assistant Federal Public Defender appointed to represent Medrano-Lozano in these proceedings, submitted an affidavit in response to the allegations brought forward by Medrano-Lozano. (Ct. R., Doc. 24.) Prior to sentencing in this matter, Allred sent a number of letters in support of Medrano-Lozano's character and reputation to the Court for consideration. (*Id*., p. 3, Exh. 1.) She also argued that the proposed guideline range was unduly harsh under the

circumstances of this case, as Medrano-Lozano's previous drug conviction happened over 12 years prior to the subjection violation, and because there was no differentiation between levels of involvement in the drug trafficking activity in setting a guideline sentencing range. (*Id*.) In addition, the reason for his reentry into the United States, to be reunited with his family who legally resides in the United States, was not taken into consideration in the sentencing range. (*Id*.) Although she did not specifically mention Medrano-Lozano's health issues, information set out in the presentence report, which was provided by Medrano-Lozano himself, contained the relevant information regarding his health issues. (*Id*., p. 4.)

The Court considered the letters submitted on behalf of Medrano-Lozano, along with the relevant sentencing factors before the sentence was imposed. (*Id*., pp. 4-5.) Counsel avers that she fully advised Medrano-Lozano of his appeal rights prior to his decision to enter a guilty plea. (*Id*., p. 5.) Allred avers that Medrano-Lozano did not indicate that he desired to file an appeal in this matter. (*Id*.) She states that she discussed with her client "every relevant aspect of his case so that he could make informed decisions" and addressed each of his reasonable requests for information. (*Id*., p. 6.)

Concerning Medrano-Lozano's claim that Allred was ineffective in failing to advise him of his right to appeal his sentence, he does not specifically allege that he was unaware of his right to appeal, but claims only that counsel did not properly advise him of the right to appeal. (Ct. R., Doc. 20, pp. 1, 9.) In an ineffective assistance of counsel claim involving a failure to advise rights to appeal, the Petitioner must provide evidence regarding whether his counsel in fact consulted with him about an appeal, that is, specifically, "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the

defendant's wishes." *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). Here, Allred avers that she discussed the appeal rights with Medrano-Lozano and the evidence establishes that he was aware of his appeal rights in general, because he specifically waived those rights in the plea agreement.

"If counsel has consulted with the defendant . . . counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Flores-Ortega*, 528 U.S. at 478. If the attorney has not consulted with the defendant, the court must . . . consider whether counsel's failure to consult with the defendant constitutes deficient performance as set out in *Strickland*. *Flores-Ortega*, 528 U.S. at 478. There is no allegation in this case that Allred failed to consult with Medrano-Lozano or to follow his instructions regarding an appeal.

A claim of ineffective assistance of counsel can be proven by showing: (1) that Allred's performance was deficient, and (2) the deficient performance prejudiced Medrano-Lozano's defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). In circumstances involving a defendant's guilty plea, the prejudice requirement under *Strickland* "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985). In other word, Medrano-Lozano "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

To meet the second prong of the *Strickland* test, Medrano-Lozano must show prejudice from counsel's alleged deficient performance. In order to do so "a defendant must demonstrate

that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484. A petitioner must affirmatively prove prejudice. *Earhart v. Johnson*, 132 F.3d 1062,1066 (5th Cir. 1998). Self serving conclusional statements that the outcome would have been different "fall far short of satisfying *Strickland's* prejudice element." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001). Allegations of a mere possibility of a different outcome are insufficient to establish prejudice. *Lamb v. Johnson*, 179 F.3d 352, 359 (5th Cir. 1999).

"[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal, or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480. Medrano-Lozano does not identify any nonfrivolous grounds for appeal or allege that he indicated to counsel that he was interested in appealing. Even assuming that counsel did not consult him about an appeal, which Allred avers she did, Medrano-Lozano fails to meet the burden of proof required to establish constitutionally deficient counsel.

Medrano-Lozano does not contend that he was convicted of a crime in which he had no involvement, rather, he claims he should have received a lesser sentence based on various factors. He also claims that he would have appealed the sentence as unreasonably high. He does not assert that he requested that an appeal be filed or that Allred refused to file a requested appeal. The Court, therefore, must deny Medrano-Lozano's claim that he received ineffective assistance of counsel as a result of counsel's alleged failure to advise him of his appeal rights regarding his sentence; finds no merit to Medrano-Lozano's claim of ineffective assistance of

counsel; and further finds no reason to conclude that "but for" Allred's performance and advice Medrano-Lozano was convicted of a crime for which he had no involvement. The Court concludes that Medrano-Lozano fails to meet the *Strickland* requirements in this claim, and has not shown that Allred's performance was deficient.

Regarding Medrano-Lozano's claim that the Court erred by allegedly failing to make specific findings supporting a determination not to depart downward, this claim lacks merit in that a district court "need not make any fact findings in support of its decision not to depart from [the] guidelines unless such findings would be needed to show the sentence was imposed not in violation of law." *United States v. Shah*, 4 F.3d 991 (5th Cir. 1993). The Court, therefore, concludes that no grounds for granting *habeas* relief are contained in Medrano-Lozano's claims. It is therefore,

ORDERED that Medrano-Lozano's motion [19] to vacate and set aside his previously imposed sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied. It is further,

ORDERED that this case be dismissed with prejudice.

SO ORDERED, this the 3rd day of June, 2010.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE